Peter J. Anderson, Esq., Cal. Bar No. 88891
E-Mail: pja@pjanderson.com
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
100 Wilshire Boulevard, Suite 2010
Santa Monica, CA 90401
Tel: (310) 260-6030
Fax: (310) 260-6040

Attorney for Plaintiff
A-MARK ENTERTAINMENT, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| A-MARK ENTERTAINMENT, LLC, a California limited liability company. | Case No. 2:15-cv-3559 |
| Plaintiff, | COMPLAINT FOR DIRECT, CONTRIBUTORY AND VICARIOUS COPYRIGHT INFRINGEMENT |
| vs. | |
| VISION FILMS, INC., a California corporation; LISE ROMANOFF, an individual; and DOES 1 through 10, | DEMAND FOR JURY TRIAL |
| Defendants. | |

Plaintiff A-Mark Entertainment, LLC, alleges:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), insofar as it arises under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*

2.      Venue is proper in this District under 28 U.S.C. § 1391(b), insofar as at least one defendant resides in this District or, alternatively, under 28 U.S.C. § 1391(b), insofar as a substantial part of the events or omissions giving rise to the claims occurred in this District, or, alternatively, under 28 U.S.C. §§ 1391(b) or 1400, insofar as at least one defendant may be found here.

## THE PARTIES

3.      Plaintiff is a California limited liability company, with its principal place of business in Los Angeles County, California.

4.      Plaintiff is informed and believes, and upon that basis alleges, that:

(a)      defendant Vision Films, Inc. ("Vision"), is a California corporation, with its principal place of business in Los Angeles County, California; and

(b)      defendant Lise Romanoff is an individual residing in and doing business in Los Angeles County, California, and an officer, director and shareholder of Vision.

5.      Plaintiff is presently unaware of the true names and/or the involvement of the defendants sued herein by the fictitious designations Does 1-10, and for that reason sues them by those designations.  Plaintiff will seek leave of Court to amend this pleading to identify those defendants when their true names and involvement in the infringements hereinafter described are known.

///

///

///

1

# BACKGROUND FACTS

## Plaintiff's Copyrighted Motion Pictures

6.      On or about October 1, 2009, plaintiff acquired from the Screen Actors Guild ("SAG") all right, title and interest, including copyrights, in and to the following 19 motion pictures (collectively, the "Movies"):

        (a)      *Fatal Pursuit*;

        (b)      *Girl In The Cadillac*;

        (c)      *Killing Midnight*;

        (d)      *Pendulum*;

        (e)      *Ripper Man*;

        (f)      *Shadow Hours*, aka *Night Shadows*;

        (g)      *St. Patrick's Day*;

        (h)      *Sally*;

        (i)      *Good Luck*, aka *The Ox And The Eye*, aka *Guys Like Us*, aka *Gimps*;

        (j)      *High Freakquency*, aka *24/7 Radio*;

        (k)      *Livers Ain't Cheap*, aka *The Real Thing*;

        (l)      *Markus 4*, aka *Firestorm*;

        (m)      *Nature Trail*, aka *Lying In Wait*;

        (n)      *Nikita Blues*;

        (o)      *Vasectomy: A Delicate Matter*;

        (p)      *Blade Boxer*;

        (q)      *Felons*, aka *Charades*;

        (r)      *Theory Of The Leisure Class*; and

        (s)      *Weekend Adventure*, aka *Sorority Girls And The Creature From Hell*, aka *Blood Hungry*.

///

///

2

1        7.      Plaintiff's Movies are copyrightable subject matter under the Copyright

2 Act of 1976, 17 U.S.C. §§ 101 *et seq.*  Due to their bulk, copies of the Movies are not

3 attached to this Complaint.

4                        **The Vision Sales Agency Agreement**

5        8.      Prior to plaintiff's acquisition of the Movies from SAG, SAG and Vision

6 entered into a written sales agency agreement dated October 2, 2006, as amended by

7 SAG and Vision in writing as of January 1, 2008 (the "Sales Agency Agreement").

8 Pursuant to the Sales Agency Agreement, Vision was engaged to act as SAG's sales

9 agent with respect to the Movies for a term expiring on June 30, 2010, provided that

10 Vision had until July 30, 2010 to follow up regarding any offers received prior to

11 June 30, 2010.

12        9.      Before plaintiff acquired the Movies from SAG on or about October 1,

13 2009, SAG disclosed the Sales Agency Agreement to plaintiff, plaintiff agreed to

14 take subject to the Sales Agency Agreement and Vision agreed that plaintiff would

15 replace SAG in the Sales Agency Agreement.

16        10.      As a result, from October 1, 2009, through the expiration of Vision's

17 authority to act as plaintiff's sales agent under the Sales Agency Agreement on July

18 30, 2010, the Sales Agency Agreement authorized Vision to pursue and issue licenses

19 on behalf of plaintiff, but expressly included, *inter alia*, the following notice and

20 approval provisions:

21             (a)      Vision was required to submit to plaintiff for plaintiff's

22             approval, the details, including all material terms, of each offer Vision

23             obtained for a license;

24             (b)      If and when plaintiff approved an offer, Vision was required

25             to obtain plaintiff's approval of the written license before execution of

26             the written license; and

27 ///

28 ///

(c)    If and when plaintiff approved the written license, Vision could sign the license as sales agent on behalf of plaintiff.

Sales Agency Agreement at 1-2.

### The June 30, 2010 Expiration of Vision's Authority Under the
### Sales Agency Agreement to Serve as Plaintiff's Sales Agent

11.    By the Sales Agency Agreement's express terms, Vision's authority to act as plaintiff's sales agent expired on June 30, 2010.  As a result, except for a 30 day period ending July 30, 2010 to follow up regarding any offers Vision had received prior to June 30, 2010, Vision's authority as plaintiff's sales agent, to solicit or receive offers or to issue licenses with respect to plaintiff's Movies, ended on June 30, 2010.

### Plaintiff's February 2011 Denial of Vision's Request for an
### Extension of Its Authority to Serve as Plaintiff's Sales Agent
### Under the Expired Sales Agency Agreement

12.    On or about February 1, 2011, plaintiff learned that Vision had continued to offer plaintiff's Movies for exploitation.  Plaintiff sent Vision an e-mail on February 3, 2011, asking for the legal basis on which Vision continued to offer and exploit plaintiff's Movies after the June 30, 2010 expiration of the Sales Agency Agreement. That day, Vision's Romanoff responded with an e-mail stating, *inter alia*:

"As I mentioned, we didn't realize it expired and have continued to sell to today."

Vision's Romanoff also proposed extending the Sales Agency Agreement to enable Vision to offer and license plaintiff's Movies.

13.    On February 4, 2011, plaintiff sent Vision's Romanoff an e-mail stating:

"Good morning Lise,

"Please discontinue the sale of any more titles and please do not complete any incomplete deals.  If you would be so kind as to send me a complete

1    listing of all deals done since the contract between us expired I would

2    greatly appreciate it."

3        14.    Vision's Romanoff responded that day with an e-mail complaining that

4    film festivals were coming up and asking "why would you do this at this time to us."

5    Plaintiff's managing member responded with an e-mail, also on February 4, 2011,

6    raising that "your company is selling our films without a right to do so, and we just

7    found out about it."  He followed it with another e-mail to Vision's Romanoff on

8    February 4, 2011, stating, *inter alia*:

9         "I'm happy to discuss a new agreement, but not until we understand the

10       playing field.  **In the meantime, I'm not aware of any valid agreement**

11       **between us, so don't sell our titles or consummate any open deals to**

12       **do so.**"

13   (Emphasis in original.)

14       15.    From time to time since February 2011, Vision has repeated its request

15   for an extension of Vision's authority to serve as plaintiff's sales agent under the

16   Sales Agency Agreement, and plaintiff has declined to grant that authority.

17       16.    At least by reason of the clear language of the Sales Agency Agreement

18   and the foregoing facts, defendants had actual knowledge that they did not have any

19   authority to offer, sell or license plaintiff's Movies after June 30, 2010.

20   <u>**Despite the Expiration of Vision's Authority Under the**</u>

21   <u>**Sales Agency Agreement, Defendants Have**</u>

22   <u>**Continued to Purport to License Plaintiff's Movies**</u>

23       17.    Plaintiff is informed and believes, and upon that basis alleges, that

24   despite the June 30, 2010 expiration of Vision's authority to serve as plaintiff's sales

25   agent, despite Vision's failure to comply with the notice and approval provisions of

26   the Sales Agency Agreement and despite plaintiff's instructions in February 2011

27   that defendants cease all exploitation of plaintiff's Movies, defendants continued to

28   issue licenses purporting to authorize the exploitation of plaintiff's Movies.  Plaintiff

5

is further informed and believes, and upon that basis alleges, that in connection with those purported licenses Vision made in the United States and delivered, or arranged for the making in the United States and delivery, of copies of plaintiff's Movies for the unauthorized copying, public distribution and/or public display of plaintiff's Movies.

18.    In purporting to issue licenses to plaintiff's Movies after the expiration of the Sales Agency Agreement:

(a)    defendants failed to notify plaintiff of the offers Vision had obtained;

(b)    defendants failed to obtain plaintiff's approval of the offers Vision had obtained;

(c)    defendants failed to provide the written license to plaintiff for approval prior to execution;

(d)    defendants failed to obtain plaintiff's approval of the written license; and

(e)    defendants purported to sign written licenses as the sales agent for plaintiff, despite the fact that, as Vision's Romanoff admitted on February 3, 2011, Vision's authority to serve as plaintiff's sales agent expired on June 30, 2010.

19.    The Sales Agency Agreement obligates Vision to render quarterly accountings and allowed Vision to issue – subject to Vision's disclosure obligations and plaintiff's approval rights referred to above – licenses for a term, not to exceed seven years, that extended beyond the expiration of Vision's rights under the Sales Agency Agreement.   As a result, after the June 30, 2010 expiration of Vision's authority to serve as plaintiff's sales agent, Vision continued to render quarterly accountings for payments that Vision received under licenses that were issued prior to June 30, 2010.

///

20.    The quarterly reports that Vision issued after the June 30, 2010 expiration of Vision's authority to serve as plaintiff's sales agent, were provided by Vision as single PDF documents, some of which included copies of purported licenses buried in the PDF documents.  Vision has admitted that November 27, 2010, is the first time that Vision sent plaintiff a statement that either referenced or included a copy of a license that defendants purported to issue after June 30, 2010.  Further, the parties entered into a written tolling agreement on November 26, 2013 and all statutes of limitation continue to be tolled.  Accordingly, the three year statute of limitations applicable to copyright infringement claims has not expired as to any of plaintiff's claims.

21.    Plaintiff is informed and believes, and upon that basis alleges, that defendants' conduct in failing to comply with Vision's obligations to disclose potential licenses to plaintiff and obtain plaintiff's approval, in purporting to sign written licenses on plaintiff's behalf without advising plaintiff and in burying licenses in quarterly PDF accountings, defendants not only acted willfully in infringing plaintiff's copyrights but with an intent to conceal defendants' infringements and delay plaintiff's discovery of defendants' unlawful conduct.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement)

### (Against All Defendants)

22.    Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 21, inclusive, above, as if set forth herein.

23.    Plaintiff's Movies include *Fatal Pursuit*, which was duly registered with the United States Copyright Office on or about March 6, 1995, as Registration No. PAu 1972889.

24.    On or about July 9, 2010, April 5, 2011 and February 19, 2013, defendants purported to enter into licenses of rights to *Fatal Pursuit* and Vision, Romanoff and Does 1-5 made and delivered to each of the purported licensees, or

7

caused to be made and delivered to each of the purported licensees, one or more copies of that motion picture. The full extent of defendants' wrongful conduct, including whether defendants purported to enter into other licenses with respect to that motion picture, is not presently known to plaintiff, who will, if necessary and appropriate, seek leave to amend this Complaint when the full extent of defendants' wrongful conduct is ascertained.

25.     Defendants have infringed plaintiff's copyright in *Fatal Pursuit*, by, *inter alia*, reproducing the motion picture in copies, by distributing copies of the motion picture to the public, by performing the motion picture publicly, by displaying the motion picture publicly and/or by causing, inducing or purporting to authorize all or some of the foregoing infringements, all without plaintiff's consent, or are vicariously liable for the foregoing infringements.

26.     Plaintiff is entitled to and requests injunctive relief restraining defendants, and their respective officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of the copyright laws.

27.     Plaintiff is further entitled to recover from defendants the damages plaintiff has sustained and will sustain, and all gains, direct and indirect profit and advantages obtained by defendants as a result of defendants' acts of infringement, or, at plaintiff's election, statutory damages of $150,000 for each infringement of the motion picture's copyright for which any one infringer is liable individually and for each infringement of the motion picture's copyright for which any two or more infringers are liable jointly and severally. Plaintiff is further entitled to recover reasonable attorney's fees, pursuant to 17 U.S.C. § 505.

///

///

///

///

8

## SECOND CLAIM FOR RELIEF

### (For Copyright Infringement)

### (Against All Defendants)

28.    Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 21, inclusive, above, as if set forth herein.

29.    Plaintiff's Movies include *Girl In The Cadillac*, which was duly registered with the United States Copyright Office on or about May 11, 1995, as Registration No. PAu 1975254.

30.    On or about July 9, 2010, and April 5, 2011, defendants purported to enter into licenses of rights to *Girl In The Cadillac* and Vision, Romanoff and Does 1-5 made and delivered to each of the purported licensees, or caused to be made and delivered to each of the purported licensees, one or more copies of that motion picture.   The full extent of defendants' wrongful conduct, including whether defendants purported to enter into other licenses with respect to the motion picture, is not presently known to plaintiff, who will, if necessary and appropriate, seek leave to amend this Complaint when the full extent of defendants' wrongful conduct is ascertained.

31.    Defendants have infringed plaintiff's copyright in *Girl In The Cadillac*, by, *inter alia*, reproducing the motion picture in copies, by distributing copies of the motion picture to the public, by performing the motion picture publicly, by displaying the motion picture publicly and/or by causing, inducing or purporting to authorize all or some of the foregoing infringements, all without plaintiff's consent, or are vicariously liable for the foregoing infringements.

32.    Plaintiff is entitled to and requests injunctive relief restraining defendants, and their respective officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of the copyright laws.

///

33.   Plaintiff is further entitled to recover from defendants the damages plaintiff has sustained and will sustain, and all gains, direct and indirect profit and advantages obtained by defendants as a result of defendants' acts of infringement, or, at plaintiff's election, statutory damages of $150,000 for each infringement of the motion picture's copyright for which any one infringer is liable individually and for each infringement of the motion picture's copyright for which any two or more infringers are liable jointly and severally.   Plaintiff is further entitled to recover reasonable attorney's fees, pursuant to 17 U.S.C. § 505.

## THIRD CLAIM FOR RELIEF

### (For Copyright Infringement)

### (Against All Defendants)

34.    Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 21, inclusive, above, as if set forth herein.

35.   Plaintiff's Movies include *Killing Midnight*, which was duly registered with the United States Copyright Office on or about November 27, 1996, as Registration No. PAu 2143682.

36.   On or about July 9, 2010, April 5, 2011 and February 19, 2013, defendants purported to enter into licenses of rights to *Killing Midnight* and Vision, Romanoff and Does 1-5 made and delivered to each of the purported licensees, or caused to be made and delivered to each of the purported licensees, one or more copies of that motion picture.   The full extent of defendants' wrongful conduct, including whether defendants purported to enter into other licenses with respect to the motion picture, is not presently known to plaintiff, who will, if necessary and appropriate, seek leave to amend this Complaint when the full extent of defendants' wrongful conduct is ascertained.

37.   Defendants have infringed plaintiff's copyright in *Killing Midnight*, by, *inter alia*, reproducing the motion picture in copies, by distributing copies of the motion picture to the public, by performing the motion picture publicly, by displaying

10

the motion picture publicly and/or by causing, inducing or purporting to authorize all or some of the foregoing infringements, all without plaintiff's consent, or are vicariously liable for the foregoing infringements.

38.    Plaintiff is entitled to and requests injunctive relief restraining defendants, and their respective officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of the copyright laws.

39.    Plaintiff is further entitled to recover from defendants the damages plaintiff has sustained and will sustain, and all gains, direct and indirect profit and advantages obtained by defendants as a result of defendants' acts of infringement, or, at plaintiff's election, statutory damages of $150,000 for each infringement of the motion picture's copyright for which any one infringer is liable individually and for each infringement of the motion picture's copyright for which any two or more infringers are liable jointly and severally.   Plaintiff is further entitled to recover reasonable attorney's fees, pursuant to 17 U.S.C. § 505.

## FOURTH CLAIM FOR RELIEF

### (For Copyright Infringement)

### (Against All Defendants)

40.    Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 21, inclusive, above, as if set forth herein.

41.    Plaintiff's Movies include *Pendulum*, which was duly registered with the United States Copyright Office on or about May 23, 1996, as Registration No. PA 841436.

42.    On or about July 9, 2010, April 5, 2011, June 22, 2011, and February 19, 2013, defendants purported to enter into licenses of rights to *Pendulum* and Vision, Romanoff and Does 1-5 made and delivered to each of the purported licensees, or caused to be made and delivered to each of the purported licensees, one or more copies of that motion picture.   The full extent of defendants' wrongful conduct,

11

including whether defendants purported to enter into other licenses with respect to the motion picture, is not presently known to plaintiff, who will, if necessary and appropriate, seek leave to amend this Complaint when the full extent of defendants' wrongful conduct is ascertained.

43. Defendants have infringed plaintiff's copyright in *Pendulum*, by, *inter alia*, reproducing the motion picture in copies, by distributing copies of the motion picture to the public, by performing the motion picture publicly, by displaying the motion picture publicly and/or by causing, inducing or purporting to authorize all or some of the foregoing infringements, all without plaintiff's consent, or are vicariously liable for the foregoing infringements.

44. Plaintiff is entitled to and requests injunctive relief restraining defendants, and their respective officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of the copyright laws.

45. Plaintiff is further entitled to recover from defendants the damages plaintiff has sustained and will sustain, and all gains, direct and indirect profit and advantages obtained by defendants as a result of defendants' acts of infringement, or, at plaintiff's election, statutory damages of $150,000 for each infringement of the motion picture's copyright for which any one infringer is liable individually and for each infringement of the motion picture's copyright for which any two or more infringers are liable jointly and severally.  Plaintiff is further entitled to recover reasonable attorney's fees, pursuant to 17 U.S.C. § 505.

### FIFTH CLAIM FOR RELIEF

### (For Copyright Infringement)

### (Against All Defendants)

46. Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 21, inclusive, above, as if set forth herein.

///

12

47.   Plaintiff's Movies include *Ripper Man*, which was duly registered with the United States Copyright Office on or about October 26, 1996, as Registration No. PAu 2024296.

48.   On or about July 9, 2010, April 5, 2011, and February 19, 2013, defendants purported to enter into licenses of rights to *Ripper Man* and Vision, Romanoff and Does 1-5 made and delivered to each of the purported licensees, or caused to be made and delivered to each of the purported licensees, one or more copies of that motion picture.   The full extent of defendants' wrongful conduct, including whether defendants purported to enter into other licenses with respect to the motion picture, is not presently known to plaintiff, who will, if necessary and appropriate, seek leave to amend this Complaint when the full extent of defendants' wrongful conduct is ascertained.

49.   Defendants have infringed plaintiff's copyright in *Ripper Man*, by, *inter alia*, reproducing the motion picture in copies, by distributing copies of the motion picture to the public, by performing the motion picture publicly, by displaying the motion picture publicly and/or by causing, inducing or purporting to authorize all or some of the foregoing infringements, all without plaintiff's consent, or are vicariously liable for the foregoing infringements.

50.   Plaintiff is entitled to and requests injunctive relief restraining defendants, and their respective officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of the copyright laws.

51.   Plaintiff is further entitled to recover from defendants the damages plaintiff has sustained and will sustain, and all gains, direct and indirect profit and advantages obtained by defendants as a result of defendants' acts of infringement, or, at plaintiff's election, statutory damages of $150,000 for each infringement of the motion picture's copyright for which any one infringer is liable individually and for each infringement of the motion picture's copyright for which any two or more

13

infringers are liable jointly and severally.  Plaintiff is further entitled to recover reasonable attorney's fees, pursuant to 17 U.S.C. § 505.

**<u>SIXTH CLAIM FOR RELIEF</u>**

**(For Copyright Infringement)**

**(Against All Defendants)**

52.     Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 21, inclusive, above, as if set forth herein.

53.     Plaintiff's Movies include *Shadow Hours*, which was duly registered with the United States Copyright Office on or about August 22, 2000, as Registration No. PA 1001107.

54.     On or about July 9, 2013, January 20, 2011, April 5, 2011, June 22, 2011, May 21, 2012, and February 19, 2013, defendants purported to enter into licenses of rights to *Shadow Hours* and Vision, Romanoff and Does 1-5 made and delivered to each of the purported licensees, or caused to be made and delivered to each of the purported licensees, one or more copies of that motion picture.  The full extent of defendants' wrongful conduct, including whether defendants purported to enter into other licenses with respect to the motion picture, is not presently known to plaintiff, who will, if necessary and appropriate, seek leave to amend this Complaint when the full extent of defendants' wrongful conduct is ascertained.

55.     Defendants have infringed plaintiff's copyright in *Shadow Hours*, by, *inter alia*, reproducing the motion picture in copies, by distributing copies of the motion picture to the public, by performing the motion picture publicly, by displaying the motion picture publicly and/or by causing, inducing or purporting to authorize all or some of the foregoing infringements, all without plaintiff's consent, or are vicariously liable for the foregoing infringements.

56.     Plaintiff is entitled to and requests injunctive relief restraining defendants, and their respective officers, agents and employees, and all persons

///

14

acting in concert with them, from engaging in any further acts in violation of the copyright laws.

57.     Plaintiff is further entitled to recover from defendants the damages plaintiff has sustained and will sustain, and all gains, direct and indirect profit and advantages obtained by defendants as a result of defendants' acts of infringement, or, at plaintiff's election, statutory damages of $150,000 for each infringement of the motion picture's copyright for which any one infringer is liable individually and for each infringement of the motion picture's copyright for which any two or more infringers are liable jointly and severally.  Plaintiff is further entitled to recover reasonable attorney's fees, pursuant to 17 U.S.C. § 505.

## SEVENTH CLAIM FOR RELIEF

### (For Copyright Infringement)

### (Against All Defendants)

58.     Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 21, inclusive, above, as if set forth herein.

59.     Plaintiff's Movies include *St. Patrick's Day*, which was duly registered with the United States Copyright Office on or about March 8, 1995, as Registration No. PA 696553.

60.     On or about July 9, 2010, defendants purported to enter into a license of rights to *St. Patrick's Day* and Vision, Romanoff and Does 1-5 made and delivered to the purported licensee, or caused to be made and delivered to the purported licensee, one or more copies of that motion picture.  The full extent of defendants' wrongful conduct, including whether defendants purported to enter into other licenses with respect to the motion picture, is not presently known to plaintiff, who will, if necessary and appropriate, seek leave to amend this Complaint when the full extent of defendants' wrongful conduct is ascertained.

61.     Defendants have infringed plaintiff's copyright in *St. Patrick's Day*, by, *inter alia*, reproducing the motion picture in copies, by distributing copies of the

motion picture to the public, by performing the motion picture publicly, by displaying the motion picture publicly and/or by causing, inducing or purporting to authorize all or some of the foregoing infringements, all without plaintiff's consent, or are vicariously liable for the foregoing infringements.

62.    Plaintiff is entitled to and requests injunctive relief restraining defendants, and their respective officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of the copyright laws.

63.    Plaintiff is further entitled to recover from defendants the damages plaintiff has sustained and will sustain, and all gains, direct and indirect profit and advantages obtained by defendants as a result of defendants' acts of infringement, or, at plaintiff's election, statutory damages of $150,000 for each infringement of the motion picture's copyright for which any one infringer is liable individually and for each infringement of the motion picture's copyright for which any two or more infringers are liable jointly and severally.   Plaintiff is further entitled to recover reasonable attorney's fees, pursuant to 17 U.S.C. § 505.

## EIGHTH CLAIM FOR RELIEF

### (For Copyright Infringement)

### (Against All Defendants)

64.    Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 21, inclusive, above, as if set forth herein.

65.    Plaintiff's Movies include *Sally*, which was duly registered with the United States Copyright Office on or about October 22, 2007, as Registration No. PAu 3338985.

66.    On or about January 27, 2012, defendants purported to enter into a license of rights to *Sally* and Vision, Romanoff and Does 1-5 made and delivered to the purported licensee, or caused to be made and delivered to the purported licensee, one or more copies of that motion picture.   The full extent of defendants' wrongful

conduct, including whether defendants purported to enter into other licenses with respect to the motion picture, is not presently known to plaintiff, who will, if necessary and appropriate, seek leave to amend this Complaint when the full extent of defendants' wrongful conduct is ascertained.

67.    Defendants have infringed plaintiff's copyright in *Sally*, by, *inter alia*, reproducing the motion picture in copies, by distributing copies of the motion picture to the public, by performing the motion picture publicly, by displaying the motion picture publicly and/or by causing, inducing or purporting to authorize all or some of the foregoing infringements, all without plaintiff's consent, or are vicariously liable for the foregoing infringements.

68.    Plaintiff is entitled to and requests injunctive relief restraining defendants, and their respective officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of the copyright laws.

69.    Plaintiff is further entitled to recover from defendants the damages plaintiff has sustained and will sustain, and all gains, direct and indirect profit and advantages obtained by defendants as a result of defendants' acts of infringement, or, at plaintiff's election, statutory damages of $150,000 for each infringement of the motion picture's copyright for which any one infringer is liable individually and for each infringement of the motion picture's copyright for which any two or more infringers are liable jointly and severally.   Plaintiff is further entitled to recover reasonable attorney's fees, pursuant to 17 U.S.C. § 505.

## NINTH CLAIM FOR RELIEF
### (For Copyright Infringement)
### (Against All Defendants)

70.    Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 21, inclusive, above, as if set forth herein.

///

17

71.     Plaintiff's Movies include *Good Luck*, which was duly registered with the United States Copyright Office on or about June 7, 1996, as Registration No. PAu 2134119.

72.     On or about July 9, 2010, August 2, 2010, August 24, 2010, April 15, 2011, October 19, 2012, and February 28, 2013, defendants purported to enter into licenses of rights to *Good Luck* and Vision, Romanoff and Does 1-5 made and delivered to each of the purported licensees, or caused to be made and delivered to each of the purported licensees, one or more copies of that motion picture.  The full extent of defendants' wrongful conduct, including whether defendants purported to enter into other licenses with respect to the motion picture, is not presently known to plaintiff, who will, if necessary and appropriate, seek leave to amend this Complaint when the full extent of defendants' wrongful conduct is ascertained.

73.     Defendants have infringed plaintiff's copyright in *Good Luck*, by, *inter alia*, reproducing the motion picture in copies, by distributing copies of the motion picture to the public, by performing the motion picture publicly, by displaying the motion picture publicly and/or by causing, inducing or purporting to authorize all or some of the foregoing infringements, all without plaintiff's consent, or are vicariously liable for the foregoing infringements.

74.     Plaintiff is entitled to and requests injunctive relief restraining defendants, and their respective officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of the copyright laws.

75.     Plaintiff is further entitled to recover from defendants the damages plaintiff has sustained and will sustain, and all gains, direct and indirect profit and advantages obtained by defendants as a result of defendants' acts of infringement, or, at plaintiff's election, statutory damages of $150,000 for each infringement of the motion picture's copyright for which any one infringer is liable individually and for each infringement of the motion picture's copyright for which any two or more

18

infringers are liable jointly and severally.  Plaintiff is further entitled to recover reasonable attorney's fees, pursuant to 17 U.S.C. § 505.

### TENTH CLAIM FOR RELIEF

**(For Copyright Infringement)**

**(Against All Defendants)**

76.     Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 21, inclusive, above, as if set forth herein.

77.     Plaintiff's Movies include *High Freakquency*, for which copyright in the screenplay was duly registered with the United States Copyright Office on or about May 9, 1996, as Registration No. PAu 2087471, and copyright in the motion picture was duly registered with the United States Copyright Office on or about January 21, 2014, as Registration No. PA 1921839.

78.     On or about July 9, 2010, defendants purported to enter into a license of rights to *High Freakquency* and Vision, Romanoff and Does 1-5 made and delivered to the purported licensee, or caused to be made and delivered to the purported licensee,  one or more copies of that motion picture.  The full extent of defendants' wrongful conduct, including whether defendants purported to enter into other licenses with respect to the motion picture, is not presently known to plaintiff, who will, if necessary and appropriate, seek leave to amend this Complaint when the full extent of defendants' wrongful conduct is ascertained.

79.     Defendants have infringed plaintiff's copyright in *High Freakquency*, by, *inter alia*, reproducing the motion picture in copies, by distributing copies of the motion picture to the public, by performing the motion picture publicly, by displaying the motion picture publicly and/or by causing, inducing or purporting to authorize all or some of the foregoing infringements, all without plaintiff's consent, or are vicariously liable for the foregoing infringements.

80.     Plaintiff is entitled to and requests injunctive relief restraining defendants, and their respective officers, agents and employees, and all persons

acting in concert with them, from engaging in any further acts in violation of the copyright laws.

81.     Plaintiff is further entitled to recover from defendants the damages plaintiff has sustained and will sustain, and all gains, direct and indirect profit and advantages obtained by defendants as a result of defendants' acts of infringement, or, at plaintiff's election, statutory damages of $150,000 for each infringement of the motion picture's copyright for which any one infringer is liable individually and for each infringement of the motion picture's copyright for which any two or more infringers are liable jointly and severally.   Plaintiff is further entitled to recover reasonable attorney's fees, pursuant to 17 U.S.C. § 505.

## ELEVENTH CLAIM FOR RELIEF

### (For Copyright Infringement)

### (Against All Defendants)

82.     Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 21, inclusive, above, as if set forth herein.

83.     Plaintiff's Movies include *Livers Ain't Cheap*, which was duly registered with the United States Copyright Office on or about April 3, 1996, as Registration No. PAu 2073258.

84.     On or about November 8, 2011, and February 19, 2013, defendants purported to enter into licenses of rights to *Livers Ain't Cheap* and Vision, Romanoff and Does 1-5 made and delivered to each of the purported licensees, or caused to be made and delivered to each of the purported licensees, one or more copies of that motion picture.   The full extent of defendants' wrongful conduct, including whether defendants purported to enter into other licenses with respect to the motion picture, is not presently known to plaintiff, who will, if necessary and appropriate, seek leave to amend this Complaint when the full extent of defendants' wrongful conduct is ascertained.

///

20

85.   Defendants have infringed plaintiff's copyright in *Livers Ain't Cheap*, by, *inter alia*, reproducing the motion picture in copies, by distributing copies of the motion picture to the public, by performing the motion picture publicly, by displaying the motion picture publicly and/or by causing, inducing or purporting to authorize all or some of the foregoing infringements, all without plaintiff's consent, or are vicariously liable for the foregoing infringements.

86.   Plaintiff is entitled to and requests injunctive relief restraining defendants, and their respective officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of the copyright laws.

87.   Plaintiff is further entitled to recover from defendants the damages plaintiff has sustained and will sustain, and all gains, direct and indirect profit and advantages obtained by defendants as a result of defendants' acts of infringement, or, at plaintiff's election, statutory damages of $150,000 for each infringement of the motion picture's copyright for which any one infringer is liable individually and for each infringement of the motion picture's copyright for which any two or more infringers are liable jointly and severally.   Plaintiff is further entitled to recover reasonable attorney's fees, pursuant to 17 U.S.C. § 505.

## TWELFTH CLAIM FOR RELIEF

### (For Copyright Infringement)

### (Against All Defendants)

88.   Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 21, inclusive, above, as if set forth herein.

89.   Plaintiff's Movies include *Markus 4*, which was duly registered with the United States Copyright Office on or about April 15, 1996, as Registration No. PAu 2073276.

90.   On or about August 24, 2010, April 5, 2011, May 21, 2012, and February 19, 2013, defendants purported to enter into licenses of rights to *Markus 4*

21

and Vision, Romanoff and Does 1-5 made and delivered to each of the purported licensees, or caused to be made and delivered to each of the purported licensees, one or more copies of that motion picture.  The full extent of defendants' wrongful conduct, including whether defendants purported to enter into other licenses with respect to the motion picture, is not presently known to plaintiff, who will, if necessary and appropriate, seek leave to amend this Complaint when the full extent of defendants' wrongful conduct is ascertained.

91.   Defendants have infringed plaintiff's copyright in *Markus 4*, by, *inter alia*, reproducing the motion picture in copies, by distributing copies of the motion picture to the public, by performing the motion picture publicly, by displaying the motion picture publicly and/or by causing, inducing or purporting to authorize all or some of the foregoing infringements, all without plaintiff's consent, or are vicariously liable for the foregoing infringements.

92.   Plaintiff is entitled to and requests injunctive relief restraining defendants, and their respective officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of the copyright laws.

93.   Plaintiff is further entitled to recover from defendants the damages plaintiff has sustained and will sustain, and all gains, direct and indirect profit and advantages obtained by defendants as a result of defendants' acts of infringement, or, at plaintiff's election, statutory damages of $150,000 for each infringement of the motion picture's copyright for which any one infringer is liable individually and for each infringement of the motion picture's copyright for which any two or more infringers are liable jointly and severally.  Plaintiff is further entitled to recover reasonable attorney's fees, pursuant to 17 U.S.C. § 505.

///

///

///

22

### THIRTEENTH CLAIM FOR RELIEF

### (For Copyright Infringement)

### (Against All Defendants)

94.     Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 21, inclusive, above, as if set forth herein.

95.     Plaintiff's Movies include *Nature Trail*, which was duly registered with the United States Copyright Office on or about March 28, 2001, as Registration No. PAu 2506668.

96.     On or about July 9, 2010, February 24, 2011, April 5, 2011, June 22, 2011, January 27, 2012, and February 19, 2013, defendants purported to enter into licenses of rights to *Nature Trail* and Vision, Romanoff and Does 1-5 made and delivered to each of the purported licensees, or caused to be made and delivered to each of the purported licensees, one or more copies of that motion picture.  The full extent of defendants' wrongful conduct, including whether defendants purported to enter into other licenses with respect to the motion picture, is not presently known to plaintiff, who will, if necessary and appropriate, seek leave to amend this Complaint when the full extent of defendants' wrongful conduct is ascertained.

97.     Defendants have infringed plaintiff's copyright in *Nature Trail*, by, *inter alia*, reproducing the motion picture in copies, by distributing copies of the motion picture to the public, by performing the motion picture publicly, by displaying the motion picture publicly and/or by causing, inducing or purporting to authorize all or some of the foregoing infringements, all without plaintiff's consent, or are vicariously liable for the foregoing infringements.

98.     Plaintiff is entitled to and requests injunctive relief restraining defendants, and their respective officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of the copyright laws.

///

99.    Plaintiff is further entitled to recover from defendants the damages plaintiff has sustained and will sustain, and all gains, direct and indirect profit and advantages obtained by defendants as a result of defendants' acts of infringement, or, at plaintiff's election, statutory damages of $150,000 for each infringement of the motion picture's copyright for which any one infringer is liable individually and for each infringement of the motion picture's copyright for which any two or more infringers are liable jointly and severally.   Plaintiff is further entitled to recover reasonable attorney's fees, pursuant to 17 U.S.C. § 505.

## FOURTEENTH CLAIM FOR RELIEF

### (For Copyright Infringement)

### (Against All Defendants)

100.    Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 21, inclusive, above, as if set forth herein.

101.    Plaintiff's Movies include *Nikita Blues*, which was duly registered with the United States Copyright Office on or about October 26, 1999, as Registration No. PAu 24273333.

102.    On or about July 9, 2010, August 24, 2010, April 5, 2011, and April 23, 2013, defendants purported to enter into licenses of rights to *Nikita Blues* and Vision, Romanoff and Does 1-5 made and delivered to each of the purported licensees, or caused to be made and delivered to each of the purported licensees, one or more copies of that motion picture.   The full extent of defendants' wrongful conduct, including whether defendants purported to enter into other licenses with respect to the motion picture, is not presently known to plaintiff, who will, if necessary and appropriate, seek leave to amend this Complaint when the full extent of defendants' wrongful conduct is ascertained.

103.    Defendants have infringed plaintiff's copyright in *Nikita Blues*, by, *inter alia*, reproducing the motion picture in copies, by distributing copies of the motion picture to the public, by performing the motion picture publicly, by displaying the

motion picture publicly and/or by causing, inducing or purporting to authorize all or some of the foregoing infringements, all without plaintiff's consent, or are vicariously liable for the foregoing infringements.

104. Plaintiff is entitled to and requests injunctive relief restraining defendants, and their respective officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of the copyright laws.

105. Plaintiff is further entitled to recover from defendants the damages plaintiff has sustained and will sustain, and all gains, direct and indirect profit and advantages obtained by defendants as a result of defendants' acts of infringement, or, at plaintiff's election, statutory damages of $150,000 for each infringement of the motion picture's copyright for which any one infringer is liable individually and for each infringement of the motion picture's copyright for which any two or more infringers are liable jointly and severally.  Plaintiff is further entitled to recover reasonable attorney's fees, pursuant to 17 U.S.C. § 505.

## FIFTEENTH CLAIM FOR RELIEF

### (For Copyright Infringement)

### (Against All Defendants)

106. Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 21, inclusive, above, as if set forth herein.

107. Plaintiff's Movies include *Blade Boxer*, which was duly registered with the United States Copyright Office on or about September 11, 1995, as Registration No. PA 643770.

108. On or about July 9, 2010, and February 19, 2013, defendants purported to enter into licenses of rights to *Blade Boxer* and Vision, Romanoff and Does 1-5 made and delivered to each of the purported licensees, or caused to be made and delivered to each of the purported licensees, one or more copies of that motion picture.  The full extent of defendants' wrongful conduct, including whether

defendants purported to enter into other licenses with respect to the motion picture, is not presently known to plaintiff, who will, if necessary and appropriate, seek leave to amend this Complaint when the full extent of defendants' wrongful conduct is ascertained.

109.   Defendants have infringed plaintiff's copyright in *Blade Boxer*, by, *inter alia*, reproducing the motion picture in copies, by distributing copies of the motion picture to the public, by performing the motion picture publicly, by displaying the motion picture publicly and/or by causing, inducing or purporting to authorize all or some of the foregoing infringements, all without plaintiff's consent, or are vicariously liable for the foregoing infringements.

110.   Plaintiff is entitled to and requests injunctive relief restraining defendants, and their respective officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of the copyright laws.

111.   Plaintiff is further entitled to recover from defendants the damages plaintiff has sustained and will sustain, and all gains, direct and indirect profit and advantages obtained by defendants as a result of defendants' acts of infringement, or, at plaintiff's election, statutory damages of $150,000 for each infringement of the motion picture's copyright for which any one infringer is liable individually and for each infringement of the motion picture's copyright for which any two or more infringers are liable jointly and severally.   Plaintiff is further entitled to recover reasonable attorney's fees, pursuant to 17 U.S.C. § 505.

## SIXTEENTH CLAIM FOR RELIEF

### (For Copyright Infringement)

### (Against All Defendants)

112.   Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 21, inclusive, above, as if set forth herein.

///

26

113.   Plaintiff's Movies include *Felons*, which was duly registered with the United States Copyright Office on or about February 25, 1999, as Registration No. PAu 2374269.

114.   On or about July 9, 2010, April 5, 2011, and February 19, 2013, defendants purported to enter into licenses of rights to *Felons* and Vision, Romanoff and Does 1-5 made and delivered to each of the purported licensees, or caused to be made and delivered to each of the purported licensees, one or more copies of that motion picture.  The full extent of defendants' wrongful conduct, including whether defendants purported to enter into other licenses with respect to the motion picture, is not presently known to plaintiff, who will, if necessary and appropriate, seek leave to amend this Complaint when the full extent of defendants' wrongful conduct is ascertained.

115.   Defendants have infringed plaintiff's copyright in *Felons*, by, *inter alia*, reproducing the motion picture in copies, by distributing copies of the motion picture to the public, by performing the motion picture publicly, by displaying the motion picture publicly and/or by causing, inducing or purporting to authorize all or some of the foregoing infringements, all without plaintiff's consent, or are vicariously liable for the foregoing infringements.

116.   Plaintiff is entitled to and requests injunctive relief restraining defendants, and their respective officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of the copyright laws.

117.   Plaintiff is further entitled to recover from defendants the damages plaintiff has sustained and will sustain, and all gains, direct and indirect profit and advantages obtained by defendants as a result of defendants' acts of infringement, or, at plaintiff's election, statutory damages of $150,000 for each infringement of the motion picture's copyright for which any one infringer is liable individually and for each infringement of the motion picture's copyright for which any two or more

1  infringers are liable jointly and severally.  Plaintiff is further entitled to recover

2  reasonable attorney's fees, pursuant to 17 U.S.C. § 505.

3  ### SEVENTEENTH CLAIM FOR RELIEF

4  **(For Copyright Infringement)**

5  **(Against All Defendants)**

6  118.  Plaintiff refers to and re-alleges each and every allegation contained in

7  paragraphs 1 through 21, inclusive, above, as if set forth herein.

8  119.  Plaintiff's Movies include *Theory Of The Leisure Class*, for which

9  copyright in the screenplay was duly registered with the United States Copyright

10  Office on or about December 31, 1997, as Registration No. PAu 2264813, and

11  copyright in the motion picture was duly registered with the United States Copyright

12  Office on or about January 21, 2014, as Registration No. PA 1908051.

13  120.  On or about July 9, 2010, February 24, 2011, and February 19, 2013,

14  defendants purported to enter into licenses of rights to *Theory Of The Leisure Class*

15  and Vision, Romanoff and Does 1-5 made and delivered to each of the purported

16  licensees, or caused to be made and delivered to each of the purported licensees, one

17  or more copies of that motion picture.  The full extent of defendants' wrongful

18  conduct, including whether defendants purported to enter into other licenses with

19  respect to the motion picture, is not presently known to plaintiff, who will, if

20  necessary and appropriate, seek leave to amend this Complaint when the full extent

21  of defendants' wrongful conduct is ascertained.

22  121.  Defendants have infringed plaintiff's copyright in *Theory Of The Leisure

23  Class*, by, *inter alia*, reproducing the motion picture in copies, by distributing copies

24  of the motion picture to the public, by performing the motion picture publicly, by

25  displaying the motion picture publicly and/or by causing, inducing or purporting to

26  authorize all or some of the foregoing infringements, all without plaintiff's consent,

27  or are vicariously liable for the foregoing infringements.

28  ///

122.   Plaintiff is entitled to and requests injunctive relief restraining defendants, and their respective officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of the copyright laws.

123.   Plaintiff is further entitled to recover from defendants the damages plaintiff has sustained and will sustain, and all gains, direct and indirect profit and advantages obtained by defendants as a result of defendants' acts of infringement, or, at plaintiff's election, statutory damages of $150,000 for each infringement of the motion picture's copyright for which any one infringer is liable individually and for each infringement of the motion picture's copyright for which any two or more infringers are liable jointly and severally.   Plaintiff is further entitled to recover reasonable attorney's fees, pursuant to 17 U.S.C. § 505.

## EIGHTEENTH CLAIM FOR RELIEF

### (For Copyright Infringement)

### (Against All Defendants)

124.   Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 21, inclusive, above, as if set forth herein.

125.   Plaintiff's Movies include *Weekend Adventure*, which was duly registered with the United States Copyright Office on or about May 22, 1989, as Registration No. PAu 1237173.

126.   On or about July 9, 2010, and April 5, 2011, defendants purported to enter into licenses of rights to *Weekend Adventure* and Vision, Romanoff and Does 1-5 made and delivered to each of the purported licensees, or caused to be made and delivered to each of the purported licensees, one or more copies of that motion picture.   The full extent of defendants' wrongful conduct, including whether defendants purported to enter into other licenses with respect to the motion picture, is not presently known to plaintiff, who will, if necessary and appropriate, seek leave to
///

29

amend this Complaint when the full extent of defendants' wrongful conduct is ascertained.

127.   Defendants have infringed plaintiff's copyright in *Weekend Adventure*, by, *inter alia*, reproducing the motion picture in copies, by distributing copies of the motion picture to the public, by performing the motion picture publicly, by displaying the motion picture publicly and/or by causing, inducing or purporting to authorize all or some of the foregoing infringements, all without plaintiff's consent, or are vicariously liable for the foregoing infringements.

128.   Plaintiff is entitled to and requests injunctive relief restraining defendants, and their respective officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of the copyright laws.

129.   Plaintiff is further entitled to recover from defendants the damages plaintiff has sustained and will sustain, and all gains, direct and indirect profit and advantages obtained by defendants as a result of defendants' acts of infringement, or, at plaintiff's election, statutory damages of $150,000 for each infringement of the motion picture's copyright for which any one infringer is liable individually and for each infringement of the motion picture's copyright for which any two or more infringers are liable jointly and severally.   Plaintiff is further entitled to recover reasonable attorney's fees, pursuant to 17 U.S.C. § 505.

## **PRAYER**

**WHEREFORE,** plaintiff A-Mark Entertainment, LLC prays for judgment as follows:

1.   On each of the Claims for Relief, against all defendants:

(a)   That defendants, and each of them and their respective agents and servants, be enjoined during the pendency of this action and permanently from infringing, or contributing to the infringement of, plaintiff's copyrights in any manner, and from copying, selling,

marketing, distributing, performing, displaying or otherwise exploiting infringing copies or reproductions of any of plaintiff's copyrighted materials, and that defendants be required to deliver up to plaintiff all copies and other materials used in the making of infringing copies or reproductions; and

(b)     That defendants, and each of them, be required to pay plaintiff such damages as plaintiff has sustained in consequence of defendants' infringements of plaintiff's copyright, including but not limited to the injury to the value of plaintiff's property, and all other damages sustained by plaintiff, and to account for and pay to plaintiff all gains, direct and indirect profits and advantages derived by defendants by reason of their infringements, or, at plaintiff's election, statutory damages of $150,000 for each infringement of each of plaintiff's copyrights for which any one infringer is liable individually and for each infringement of the motion picture's copyright for which any two or more infringers are liable jointly and severally, all according to proof and with prejudgment interest on all sums awarded;

2.     For plaintiff's cost of suit and its attorneys' fees; and

3.     For such other and further relief as the Court deems just and proper.

Dated: May 12, 2015

_____/s/ Peter J. Anderson_____
Peter J. Anderson, Esq.
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
Attorney for Plaintiff
A-MARK ENTERTAINMENT, LLC

31

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### **DEMAND FOR JURY TRIAL**

Plaintiff A-Mark Entertainment, LLC, demands trial by jury.

Dated: May 12, 2015

_____/s/ Peter J. Anderson_____
Peter J. Anderson, Esq.
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
Attorney for Plaintiff
A-MARK ENTERTAINMENT, LLC